## EMMETT v. METALS PROCESSING CORPORATION et al.
### No. 9461.

Circuit Court of Appeals, Ninth Circuit.

June 13, 1940.

Rehearing Denied July 18, 1940.

714

Frank W. Beer, of Phoenix, Ariz., for appellant.

Allan K. Perry, of Phoenix, Ariz., for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

PER CURIAM.

Appeal is taken from a judgment for appellees in an action brought by appellees for alleged infringement by appellant of appellees' patent.

The record before us consists of a "Statement Of The Case On Appeal", findings of fact and conclusions of law, and the judgment. No pleadings, evidence or exhibits are before us.

The statement asserts that appellees sought, by a "bill of complaint", a "decree" adjudicating their ownership of patent No. 1,947,493, the validity thereof, and an injunction restraining infringement thereof by appellant; and that appellant's answer alleged lack of invention and public use "long prior to July 17, 1931, the date when the alleged patent was applied for".

The trial court found that the patent in question was issued to appellee Rose-Engle Company on February 20, 1934; that the same was not anticipated by any of some 17 patents and that it was not anticipated by 2 years' public use. Judgment was entered for appellees.

Other than as above stated the statement of the case merely states that appellees "produced evidence and testimony" of the existence of certain facts.

Appellant argues five points which may be summarized as follows: (1) the patent was anticipated by prior patents; (2) the patent was anticipated by 2 years' public use; (3) the process of the patent was not the exercise of inventive skill but a practice which would readily occur to one skilled in the art.

The record is not sufficient to enable us to pass on any of these points. We could not determine whether the patent in question was anticipated by either prior patents, or by public use, or whether it in- volved invention, without knowing what the patent is. It is not before us, so we do not know what it discloses or what it claims. Likewise, to determine whether the patent in question is anticipated by prior patents, we would have to know what the prior patents disclose. Such prior patents are not before us. Likewise to determine whether the patent was anticipated by prior public use, we would have to have the evidence to determine whether the trial court's finding on that issue is "clearly erroneous". No evidence is before us. Under these circumstances, we think the judgment should be and it is affirmed.